IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                             Case No. 4:19-cr-00686-LPR

BRANDON CHARLES MARTIN                                           DEFENDANT

**ORDER**

Pending before the Court is Mr. Martin's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.[1] For the reasons set out in Sections II(A) and II(B) of the Government's Response, the Court dismisses all of Mr. Martin's collateral attacks except for his specific claims of ineffective assistance of counsel.[2] With respect to the ineffective-assistance-of-counsel attacks, the Court concludes the following. For the reasons set out in Section II(C)(2) of the Government's Response, the failure to contest the robbery and battery convictions as ACCA predicates was not ineffective assistance.[3] And the failure to contest the delivery-of-methamphetamine conviction as an ACCA predicate was not ineffective assistance because, at the time of the sentencing hearing, such an argument would have been novel and not based on settled law. As the Government points out on page 12 of its Response, "[Defense] [C]ounsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts . . . and failure to raise a novel argument based on admittedly unsettled legal questions" is not constitutionally ineffective performance.[4] That leaves Mr. Martin's ineffective-assistance attack based on Defense Counsel's purported failures with

---

[1] Doc. 101. In a supplemental Brief, *see* Doc. 106, Mr. Martin seeks to add a new ground of attack. He argues that the felon-in-possession statute is unconstitutional. *Id.* at 2. That argument is foreclosed in this circuit by *United States v. Jackson*. *See* 110 F.4th 1120 (8th Cir. 2024). The *Jackson* opinion was issued on August 8, 2024, and the mandate was issued last week. Whether or not *Jackson* correctly applies the Supreme Court's Second Amendment jurisprudence is not for this Court to say. The Court must follow *Jackson*.

[2] Doc. 105 at 3–6.

[3] *Id.* at 10–13.

[4] *Id.* at 12 (quotation marks and citation omitted).

respect to the authorization-to-patrol letter(s). For the reasons set out in Sections II(C)(1) and II(D) of the Government's Response, Defense Counsel's conduct was not constitutionally inadequate, and there is no need for an evidentiary hearing on this point (or any other point).[5] Finally, no certificate of appealability will issue for the reasons set out in Section II(E) of the Government's Response.[6]

IT IS SO ORDERED this 18th day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *Id.* at 7–9, 13.

[6] *Id.* at 14.