**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 4:19-CR-00686-01-LPR**

**BRANDON CHARLES MARTIN** **DEFENDANT**

# ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 123) is DENIED. Guideline Amendment 821 does not change Defendant's criminal history category. His criminal history category is VI based on his status as an Armed Career Criminal. Even if Defendant was not an Armed Career Criminal, his criminal history score would go from 17 to 16, but his criminal history category and guideline range would remain the same.[1]

The Court also notes that Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is likely not entitled to relief anyway.[3]

IT IS SO ORDERED this 25th day of August, 2026.[4]

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. 55.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (per curiam) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement). The logic of a recent Supreme Court case, *Hunter v. United States*, 608 U.S. __ (2026), 146 S.Ct. 1702, perhaps calls into question this principle. The Court need not decide that issue because of the conclusion set out in the first paragraph of the body text above.

[4] The Motion for Appointment of Counsel (Doc. 124) is denied. Appointment of counsel for this type of motion is discretionary, and the issue is so straightforward (and well stated by Mr. Martin) that no lawyer is necessary.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE